# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS EVENSTAD and NATHAN BRAUN,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL SCHNELL, MICHELLE SMITH, NATE KNUTSON, KAREN ROBINSON, VICKI JANSSEN, JESSE PUGH, MINNESOTA DEPARTMENT OF CORRECTIONS, and STATE OF MINNESOTA,<br><br>Defendants. | Case No. 20-CV-885-JRT-KMM<br><br><br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

**IT IS HEREBY ORDERED THAT:**

1. The Application to Proceed IFP of Plaintiffs Thomas Evenstad and Nathan Braun, ECF No. 2 (IFP Application), is **DENIED**. The IFP Application provides no information about the Plaintiffs' financial status; it simply refers the Court back to earlier IFP applications that Plaintiffs apparently filed in other cases. This is not an appropriate way to apply for *in forma pauperis* status. Mr. Evenstad and Mr. Braun have 14 days from this Order's date to either (1) pay the normal filing fee, and then pursue their claims as non-IFP litigants; or (2) submit new, complete IFP applications. If they do neither, the Court will deem them to have abandoned this action and will recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

2. The counsel request within Plaintiffs' Class Action Civil Action Complaint, ECF No. 1 (Complaint), is **DENIED WITHOUT PREJUDICE**. Appointing counsel in cases such as this one is a matter committed to the trial court's discretion. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the case's factual and legal complexity, the litigants' ability to present their claims, and whether both the litigants and the Court would benefit from the litigants' representation by counsel. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. Plaintiffs appear to have the threshold ability to articulate their claims and argue their positions, and their Complaint shows that they can communicate effectively with the Court. Moreover, the Court is presently satisfied that appointing counsel would not substantially benefit Plaintiffs or the Court. However, should the circumstances that support denial of the request for counsel at this stage change, the Plaintiffs may renew their request at a later time.

3. The U.S. Marshals Service is directed to effect service of process—consistent with Rule 4(j) of the Federal Rules of Civil Procedure—on (1) the State of Minnesota; (2) the Minnesota Department of Corrections (an agency of the State of Minnesota); and (3) Defendants Paul Schnell, Michelle Smith, Nate Knutson, Karen

Robinson, Vicki Janssen, and Jesse Pugh (in their official capacities with the State of Minnesota).[1]

4.  Once the U.S. Marshals Service has completed service on Defendants, Defendants will have 14 days from the date of service to file a responsive pleading or a motion under Rule 12(b).

**IT IS HEREBY RECOMMENDED THAT:**

1.  Plaintiffs' request for an "Emergency Expedited Preliminary Injunction" be **DENIED**. Plaintiffs ask for an "Emergency Expedited Preliminary Injunction" that would "enjoin[] . . . Defendants from releasing early any prisoners classified as 'non-violent' unless all prisoners, including those classified as 'violent' are also released within the same timeframe whom are similarly situated." Compl. 7.[2] It is unclear whether Plaintiffs are asking for a temporary restraining order (TRO) or a preliminary

---

[1] The Complaint does not specify the capacity in which Plaintiffs seek to sue any of the individual Defendants. The U.S. Court of Appeals for the Eighth Circuit has established that when a complaint lacks such a capacity designation, a court should assume that the complaint brings only official-capacity claims against the individual defendants. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing cases). The Court thus construes the Complaint as suing the various individual defendants only in their official capacities.

[2] The Complaint also requests an "Emergency Expedited Preliminary Injunction" that would "prohibit[] Defendants from releasing earlier than the law currently allows . . . any prisoner deemed 'nonviolent' unless prisoners deemed 'violent' are included pending resolution of this Civil Class Action . . . ." Compl. 7. It is unclear to the Court how this request differs from Plaintiffs' first request for an "Emergency Expedited Preliminary Injunction," so the Court interprets Plaintiffs as simply making one injunctive-relief request.

injunction, but under either view of the request, Plaintiffs have not met the procedural requirements for such relief.  Under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without notice to the adverse party only if the movant (among other things) "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiffs have filed no such certification.  Furthermore, under Federal Rule of Civil Procedure 65(a)(1), a court "may issue a preliminary injunction only on notice to the adverse party."  Defendants have not yet been served in this action, so they appear to have no notice of the Complaint's injunctive-relief request.

2. The Complaint's attempts to present claims on behalf of classes of individuals be **STRICKEN** with prejudice.  Nonlawyers may represent themselves, but they generally cannot represent other people or entities.  *See, e.g.*, *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994)); *Charnesky v. Lourey*, No. 18-CV-2748 (ECT/KMM), 2019 WL 1505995, at *3 (D. Minn. Apr. 5, 2019) (quoting *Knoefler*).  There is no indication here that Plaintiffs are lawyers.  As a result, they cannot bring claims on behalf of anyone but themselves.

Date:  April 15, 2020  
　　　　　　　　　　　　　　　　　　　　　s/ *Katherine Menendez*  
　　　　　　　　　　　　　　　　　　　　　Katherine Menendez  
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge