# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS EVENSTAD and NATHAN BRAUN, | Civil No. 20-885 (JRT/KMM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| PAUL SCHNELL, MICHELLE SMITH, NATE KNUTSON, KAREN ROBINSON, VICKI JANSSEN, JESSE PUGH, MINNESOTA DEPARTMENT OF CORRECTIONS, and STATE OF MINNESOTA, | |
| Defendants. | |

Thomas Evenstad, 534 Logan Avenue North, Minneapolis, MN 55404; and Nathan Braun OID # 252511, MCF – Stillwater, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se*.

Corinne Wright-MacLeod and Kevin Jonassen, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for defendants.

Plaintiffs Thomas Evenstad and Nathan Braun filed this action alleging Defendants violated the U.S. Constitution by considering certain non-violent offenders for early release from prison due to the COVID-19 pandemic while not considering violent offenders for the same early release. Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Defendants are entitled

to sovereign and qualified immunity, and because Plaintiffs fail to allege a viable claim, the Court will grant Defendants' Motion to Dismiss without prejudice.

## BACKGROUND

Plaintiffs filed this action against Defendants in their official and individual capacities seeking damages and injunctive relief under the Fourteenth Amendment's Equal Protection Clause.[1] (Compl. at 5–8, April 6, 2020, Docket No. 1.) Plaintiffs argue, essentially, that it is a violation of their equal protection rights (in violation of the Fourteenth Amendment) for Defendants to release non-violent offenders from prison due to the COVID-19 pandemic while not also releasing violent offenders such as Plaintiffs. (*Id.*) In addition to money damages, Plaintiffs sought the appointment of counsel and an emergency preliminary injunction to prevent Defendants from releasing early any prisoners classified as non-violent unless all prisoners, including those classified as violent, are also released. (*Id.* at 7.) Plaintiffs also sought to proceed *in forma pauperis* ("IFP"). (Docket No. 2.)

On April 15, 2020, the Magistrate Judge issued an Order and a Report and Recommendation ("R&R"). (Docket No. 5.) The Magistrate Judge Ordered that (1)

---

[1] Plaintiffs also list claims for (1) "Reckless/Deliberate Indifference and Endangerment," (2) "Failure to Protect," and (3) "Cruel and Unusual Punishment: Eighth Amendment Violations," (Compl. at 7) but fail to state what actions by Defendants caused such claims to be made and only specifically argue that the policy of considering non-violent offenders for early release but not violent offenders violates their rights under the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 5–8.) Accordingly, the Court will dismiss these claims.

Plaintiffs' IFP applications be denied and (2) the request to appoint counsel be denied. (*Id.* at 1–2.) The Magistrate Judge Recommended that the Court (1) deny without prejudice Plaintiffs' request for an emergency preliminary injunction and (2) strike with prejudice Plaintiffs' attempt to present claims on behalf of classes of individuals. (*Id.* at 3–4.) Plaintiffs did not specifically object to any of the Magistrate Judge's decisions listed above,[2] but did file successive motions seeking the same relief sought in their Complaint. (*See* Docket Nos. 6–8, 12–13, 17, 19, 37.)[3]

On July 6, 2020, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 30.) Defendants argue under Rule 12(b)(1) that the Court lacks subject matter jurisdiction because (1) Plaintiffs' claims for damages against Defendants in their official capacity are barred by the Eleventh Amendment; (2) Plaintiffs' claims against Defendants in their personal capacity are barred by the qualified-immunity doctrine; (3) Plaintiffs' claims for injunctive relief are moot or otherwise barred by the Prison Litigation Reform Act; and (4) Plaintiffs' claims for violations of the Equal Protection Clause of the Fourteenth Amendment are not ripe.

---

[2] Plaintiffs did file objections to the Magistrate Judge's Order and Report and Recommendation, but only to the extent that the Magistrate stated that Plaintiffs did not allege claims against Defendants in their individual capacities. The Magistrate Judge corrected this error. (Docket No. 11.)

[3] Additionally, Plaintiff Braun moves to compel discovery. (Docket Nos. 51 and 53.) Because discovery has not yet begun and because the Court will grant Defendants' Motion to Dismiss, the Court will also deny Plaintiff Braun's motions to compel.

Defendants argue under Rule 12(b)(6) that the Complaint should be dismissed because Plaintiffs fail to plead sufficient facts to support their claims.

On August 10, 2020, Evenstad was released from prison.  (Notice of Change of Address, Aug. 13, 2020, Docket No. 47.)

**DISCUSSION**

**I.	RULE 12(b)(1) MOTION**

**A.  Standard of Review**

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims."  *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013).  In this facial Rule 12(b)(1) attack, the Court  "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted).  "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (cleaned up).

### B. Sovereign Immunity

The doctrine of Sovereign Immunity emanates from the Eleventh Amendment and prohibits persons from recovering monetary damages from State officials acting in their official capacities unless the State has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). Defendants are either State officials or departments of the State itself. The State has not waived immunity in federal court. *See, e.g.*, *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388–89 (D. Minn. 1985). The Court therefore finds that Defendants are entitled to sovereign immunity.

Accordingly, the Court will dismiss Plaintiffs claims seeking monetary damages against Defendants in their official capacity.

### C. Qualified Immunity

"Qualified immunity shields a public official from damage liability unless the official's actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *S.M. v. Krigbaum*, 808 F.3d 335, 339 (8th Cir. 2015) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). When qualified immunity is sought against the supervisor of an actor that actually committed the constitutional violation at issue, the supervisor may be "liable under § 1983 if either his direct action or his 'failure to properly supervise and train the offending employee' caused the

constitutional violation at issue." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). For claims asserted against either the actor or the supervisor, Plaintiffs must make a threshold showing that their constitutional rights were violated.

Assuming without deciding that Plaintiffs claims are true—that the State is considering non-violent offenders who are within half-a-year of their release date for early release due to COVID-19 but is not considering violent offenders for the same early release—Plaintiffs' Fourteenth Amendment claim still fails. "Absent a threshold showing that [Plaintiffs are] similarly situated to those who allegedly receive favorable treatment, [Plaintiffs do] not have a viable equal protection claim." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). Plaintiffs have not shown that they, as violent offenders, are similarly situated to non-violent offenders allegedly receiving disparate treatment. *See id.* at 731–32 (noting that "violent and predatory" conduct may be considered when determining the "threshold" issue of whether an inmate is similarly situated).

Accordingly, the Court finds Defendants are entitled to qualified immunity for Plaintiffs' claims for damages against them in their personal capacities. Additionally, because Plaintiffs have not pleaded a viable Constitutional claim, the Court will also grant Defendants' motion to dismiss plaintiffs' remaining claims for injunctive relief.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 30] is **GRANTED without prejudice**.

**2.** Plaintiffs' Motions [Docket Nos. 3, 6, 7, 8, 12, 13, 17, 19, 36, 37, 38, 51, and 53] are **DENIED as MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 14, 2020　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court